IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH GRAY #1202061 | § | |
| | § | CIVIL ACTION NO. 9:06cv66 |
| MATTHEW McCLURE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Michael Gray, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c). As Defendants, Gray named three TDCJ-CID officers, Matthew McClure, Deborah Hines, and William Courtney.

In his complaint, Gray says that on March 15, 2004, he was assaulted by four officers, including McClure and Courtney. Officer Hines stood by and watched the assault take place and did nothing.

Gray acknowledged that this same use of force incident had been the subject of a prior lawsuit filed in this Court, styled Gray v. Biscoe, et al., docket no. 9:05cv105. The named Defendants in that case were Douglas Dretke, Warden Chuck Biscoe, Samuel Luna, Paul Thompson, and one unidentified officer later identified as Officer Brothers. At the evidentiary hearing in that case, Gray said that Officer Brothers had confronted him in the chow hall and sent him outside, and that once there, Luna, Thompson, and Brothers assaulted him. He added that Lt. Hutto, Sgt. Primrose, and a female officer witnessed the incident but did nothing. There was no mention made of any other officers being present. Gray was allowed to and did add Hutto and Primrose, and the officer at the desk as Defendants at the hearing.

1

All of the Defendants in the prior case except for Luna and Thompson were dismissed prior to trial.  The case went to a jury trial on November 30, 2005.  Gray dismissed Thompson as a Defendant on the day of trial.   The jury heard the case and returned a verdict in favor of the Defendant; it is currently on appeal.

In the present case, an evidentiary hearing was held on May 11, 2006.  At this hearing, Gray says that McClure, Hines, and Courtney were called as witnesses in the previous trial, but had not been named as Defendants because he did not have their names until it was too late to add them to the prior lawsuit.  He said that he was suing them over the use of force incident and because of "fraud and deception."  Specifically, Gray stated that the pictures offered in evidence at the trial were not clear, the Defendants stood in front of the jurors so that they could not see the videotape, and that he himself was not allowed to see the videotape prior to trial.

<u>Legal Standards and Analysis</u>

As noted above, this incident was the subject of a prior lawsuit, which is currently on appeal. The Fifth Circuit has stated that the principle of non-mutual collateral estoppel provides that if a litigant has fully and fairly litigated an issue and has lost, then third parties unrelated to the original action can bar the litigant from re-litigating the same issue in a subsequent suit.  U.S. v. Mollier, 853 F.2d 1169. 1175 (5th Cir. 1988).  The Fifth Circuit gave the example that if "A" sues "B" and loses on issue "X," then "C" can avail himself of an estoppel against "A" if "A" sues "C."  Mollier, 853 F.2d at 1175 n.7; *see also* Gibson v. U.S. Postal Service, 380 F.3d 886, 890 (5th Cir. 2004).

In this case, McClure, Hines, and Courtney are third parties unrelated to the original lawsuit. The issue concerning whether or not excessive force was used upon Gray is a matter that has been litigated and that Gray has lost.  Consequently, he is barred from relitigating this same issue against the Defendants in the present case, and his claim on this point is without merit.

Similarly, it should be noted that Gray did not mention the existence of these three individuals in the prior case; he explicitly said that force was used on him by three individuals, who were Luna, Thompson, and Brothers.  Although Gray mentioned unknown persons in another

2

context - he said that an unknown female officer was at the desk and failed to intervene - he did not indicate, although he could have, that any unknown persons were involved in the use of force.

The Fifth Circuit has stated that the doctrine of claim preclusion, also known as true res judicata, bars the parties to a prior proceeding or those in privity with them from relitigating the same claims that were subject to a final judgment on the merits by a court of competent jurisdiction. Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1287 (5th Cir. 1989).  This preclusion applies not only to those causes of action raised in the pleadings, but also to claims which were raised or could have been raised as part of the same cause of action.  Lubrizol, 871 F.2d at 1287.  It should be noted that true res judicata is similar to collateral estoppel, although not identical.

In this case, Gray could have raised his claim against McClure, Hines, and Courtney in the prior proceeding, merely by stating that persons whose names were unknown were involved in the use of force.  Instead, he made no mention of them whatsoever, and in fact stated that the assault of which he complains was carried out by others, specifically Luna, Thompson, and Brothers.  To the extent that Gray contends that McClure, Hines, and Courtney were involved in the use of force, his claim also fails on the ground of res judicata.[1]

Gray says that he learned the names of McClure, Hines, and Courtney from the reports he received in discovery in the prior case.  These reports state that the officers were disciplined because they observed the use of force and failed to report it.  To the extent that Gray bases his claim on the officers' having witnessed the use of force but failing to stop it, this claim is also barred for the same reasons; he unsuccessfully litigated the very same claim against Hutto, Primrose, and the unidentified female officer, and he could have raised this claim against McClure, Hines, and Courtney, even as unidentified parties, but did not.

At the May 2006 Spears hearing in the present case, Gray also said that he was suing McClure, Courtney, and Hines for "fraud and deception" in connection with his prior case.  This is

---

[1]The Fifth Circuit has held that res judicata can be raised *sua sponte*.  Gibson, 380 F.3d at 890.

3

not a claim which could have been raised in the prior proceeding and so it is not barred by res judicata or collateral estoppel.

However, Gray's claim on this point must be dismissed because it is frivolous and lacking in merit.  The Fifth Circuit has held that to obtain relief under the Civil Rights Act, 42 U.S.C. §1983, a person must show two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was done by a person acting under color of state law.  Johnson v. Dallas Independent School District, 38 F.3d 198, 199 (5th Cir. 1994).

In this case, Gray complains of actions of the Defendants in this case at the trial of the previous case.  He indicates that they gave false testimony, but the Supreme Court has held that witnesses are entitled to absolute immunity from Section 1983 liability arising from their participation in judicial proceedings.  Briscoe v. LaHue, 460 U.S. 325, 333 (1983).  To the extent that Gray seeks to sue these Defendants based upon their testimony in his first trial, his claim is without merit.

Gray also complains of such actions as "standing in front of the jury," that the pictures were not clear, and that he was not allowed to see the video before trial.  He has not shown that McClure, Courtney, or Hines were involved in any way with the clarity of the pictures shown to the jury or with whether or not he would have an opportunity to see the video prior to trial.  The Fifth Circuit has said that in order to successfully plead a cause of action in civil rights cases, a plaintiff must enunciate a set of facts that illustrate the defendants' participation in the alleged wrong.  Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).  The Defendants in this case were not personally involved in these two allegations.  Gray's claims regarding these allegations are without merit.

To the extent that Gray complains that the Defendants were "standing in front of the jury" in his prior trial, thus blocking the jurors' view of the videotape, this is a matter which should have been raised at the time, through an objection, or at the very least on appeal, not in a new civil lawsuit. Gray has failed to show that this allegation sets out a violation of the Constitution or laws of the United States so as to give rise to civil liability.  His claim on this point is without merit.

<u>Conclusion</u>

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees.  Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327, (1989), *citing* <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); *see also* <u>Blackburn v. City of Marshall</u>, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Gray's complaint lacks any arguable basis in law and fails to state a claim upon which relief may be granted.  Thus, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b).  *See generally* <u>Thompson v. Patteson</u>, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A(b).  The dismissal of this action shall have no effect upon the Plaintiff's right to pursue his appeal of the previous lawsuit, which appeal is currently pending.  It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **24** day of **May, 2006.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE